# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN K. WESLEY | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| vs. | : | NO. 08-5551 |
| | : | |
| KAREN MURPHY, Prime Care Medical | : | |
| Inc., D. EDWARD MCFADDEN, Warden | : | |
| Chester Co. Prison, J. HEALY, Director | : | |
| of Treatment | : | |
|     Defendants. | : | |

**DuBOIS, J.**                                                            **July 12, 2010**

## M E M O R A N D U M

## I. INTRODUCTION

Plaintiff, Brian K. Wesley, a prisoner in the custody of the Pennsylvania Department of Corrections at Chester County Prison ("CCP"), filed the instant action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment of the U.S. Constitution. Plaintiff's claims arise out of a approximately one-month period between August and September 2008, during which CCP staff allegedly denied plaintiff appropriate eye-drops for his glaucoma condition. Named as defendants are Karen Murphy, the Health Services Administrator for PrimeCare Medical at the CCP Medical Department; D. Edward McFadden, Warden of CCP; and Jack Healy, Director of Inmate Services at CCP.

Presently before the Court is Defendants' Joint Supplemental Motion for Summary Judgement. For the reasons stated below, Defendants' Joint Supplemental Motion for Summary Judgement is granted.

## II. BACKGROUND

The procedural posture of this case is unusual, in that plaintiff's deposition has not been taken, and there is little evidence to support plaintiff's claims. As a result, defendants, in their

Joint Supplemental Motion for Summary Judgement, have presented the facts as set forth in the Complaint as evidence, and the Court will do likewise.

At all times relevant to this action, plaintiff was a Commonwealth of Pennsylvania prisoner incarcerated at CCP. Prior to his incarceration in 2008, plaintiff had been diagnosed with a head injury and glaucoma, necessitating the use of prescription eye-drops. (Affidavit of Victoria Gessner, M.D., Ex. D to Defs.' Joint Suppl. Mot. for Summ. J., ¶ 3, hereinafter "Gessner Aff."; August 12, 2009 Report from Mary A. Stefanyszyn, M.D., Ex. A to Defs.' Joint Suppl. Mot. for Summ. J., hereinafter "First Stefanyszyn Report.") In August 2008, plaintiff requested refills of the three eye-drop solutions he was prescribed for his glaucoma – Xalatan 0.005%, Alphagan 0.15%, and Timolol 0.5%. (Compl. 4.) On August 20, 2008, in response to his request, plaintiff was provided with both Xalatan and Alphagan, but was not given Timolol. (Compl. 4.) After August 20, plaintiff made several additional requests for Timolol, including written requests to defendant Karen Murphy, the Health Services Administrator for PrimeCare Medical at the CCP Medical Department. (Compl. 4.) By August 22, 2008, plaintiff's eyes were "extremely red and irritated." (Compl. 4.) On August 30, 2008, plaintiff was provided with Timolol eye-drop solution, but at half the dosage (0.25%) he had requested. (Compl. 4-5.) From August 30, 2008 until September 18, 2008, when plaintiff finally was given the full 0.5% solution of Timolol, plaintiff took Xalatan, Alphagan, and the half dosage of Timolol. (Compl. 4-5.)

Between August and September 2008, plaintiff had frequent contact with CCP nurses in the "pill lines" at the facility. (Compl. 4-5.) Dr. Victoria Gessner, a physician employed by PrimeCare Medical who worked at the CCP Medical Department, saw plaintiff on or about September 26, 2008 and performed an eye examination on plaintiff. (Compl. 5; Gessner Aff. ¶

7.) In early October 2008, plaintiff filed a grievance form with defendant Jack Healy, Director of Inmate Services at CCP, regarding his medical treatment. (Compl. 5.) Subsequent to the grievance, on or about October 22, 2008, plaintiff was given another eye examination by Dr. Sheldon Morris at the CCP Medical Department. (Compl. 5; Gessner Aff. ¶ 8.)

Plaintiff alleges that as a result of defendants' failure to provide the proper eye-drop solution from August 22 to September 18, 2008, plaintiff suffered "serious damage" to his left eye, resulting in near total blindness in that eye. (Compl. 4.) However, a medical expert retained by plaintiff contradicts plaintiff's position. Dr. Mary A. Stefanyszyn, a board certified ophthalmologist, reviewed plaintiff's medical records in relation to his glaucoma and submitted a report dated August 12, 2009. ("First Stefanyszyn Report.") In that report, Dr. Stefanyszyn stated that she found "no evidence of causation between the lack of drops for the month in question and [the] intra-ocular pressure issue." In an undated follow-up report, written upon review of additional medical records, Dr. Stefanyszyn concluded that "[plaintiff's] glaucomatous damage was sustained over a few year period and not directly related to just one month of August 2008." (Second Report from Mary A. Stefanyszyn, Ex. A to Defs.' Joint Suppl. Mot. for Summ. J.) Finally, in a report dated February 4, 2010, Dr. Stefanyszyn opined: "the alleged failure to provide the appropriate eye medication did not cause plaintiff any discomfort. It may have minimally exacerbated his previous glaucomatous condition." (February 4, 2010 Report from Mary A. Stefanyszyn, M.D., Ex. B to Defs.' Joint Suppl. Mot. for Summ. J.)

Plaintiff's Complaint, filed on December 4, 2008, alleges that defendants, in violation of the Eighth Amendment, exercised deliberate indifference to his serious medical needs. Plaintiff seeks an unspecified amount of compensatory damages, for "pain and suffering" and for the

"cause and effects of [his] loss of eyesight." (Compl. 4.) Additionally, plaintiff seeks injunctive relief in the form of a request for appropriate eye surgery. (Compl. 4.)

On June 3, 2010, following the Court's denial of several previous motions to dismiss and motions for summary judgment pending the completion of discovery in this matter, defendants filed the instant Joint Supplemental Motion for Summary Judgement.

**III. STANDARD OF REVIEW**

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Where the record taken as a whole could not lead a reasonable trier to fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Eighth Amendment Claim

In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); see also Farmer v. Brennan, 511 U.S. 825 (1994); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). This two-prong test requires that a prisoner's medical needs be serious and that prison officials demonstrate deliberate indifference to such needs. Maldonado v. Terhune, 28 F. Supp. 2d 284, 289 (D.N.J. 1998) (citing Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)). The Third Circuit has defined a medical need as "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

As to the second prong, the prison officials' acts must constitute "an unnecessary and wanton infliction of pain," be "repugnant to the conscience of mankind" or offend "evolving standards of decency." Estelle, 429 U.S. at 106. A plaintiff must show more than mere negligence or inadvertent failure to provide adequate medical care to state a claim of deliberate indifference. See Estelle, 429 U.S. at 104-05; see also Monmouth County, 834 F.2d at 346. Moreover, prison medical officials have considerable latitude in the diagnosis and treatment of the medical conditions of inmate patients. Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997). Therefore, a mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eighth Amendment. Monmouth County, 834, F.2d at 346.

"Where [a] plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978). Consequently, a claim for deliberate indifference will not succeed unless the medical treatment received consists of "act[s] which were either intentionally injurious, callous, grossly negligent, shocking to the conscience, unconscionable, intolerable to fundamental fairness or barbarous." Id.

Under this standard, to establish liability, plaintiff must allege deliberate indifference to a serious medical condition. The Court need not address the question of whether plaintiff has alleged a serious medical condition because it is clear that his allegations do not satisfy the second prong of the deliberate indifference test – he does not allege that defendants' actions constituted "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 106.

Plaintiff's own averments in the Complaint demonstrate that defendants did not act with the state of mind required to sustain an Eighth Amendment claim. Plaintiff concedes that he was provided with two of the three prescription eye-drop solutions which he requested, without any delay. During the month-long period during which the alleged violation occurred, plaintiff had frequent contact with nurses at the "pill lines" at CCP. Moreover, although he was not given the third eye-drop solution, Timolol, for a period of approximately eight days, plaintiff was provided with a lower dose of the medication for the 18-day period from August 30 to September 18, 2008. Thereafter, plaintiff resumed use of the full dosage Timolol, and was seen by two separate doctors at CCP for eye examinations.

The Court concludes that the one-week delay in provision of one of three prescription eye-drops to plaintiff, and the substitution of a lower dosage solution for several more weeks,

does not constitute deliberate indifference under Estelle, particularly in light of the other medical treatment plaintiff admittedly received. See Ayala v. Terhune, 195 F. App'x 87, 91 (3d Cir. 2006) (sporadic delays in providing prescription medication to plaintiff do not amount to deliberate indifference); Walker v. Peters, 233 F.3d 494, 501 (7th Cir.2000) ("the totality of an inmate's medical care" must be examined to make a determination about deliberate indifference, and "isolated incidents of delay or even refusals to administer [medication]... cannot be construed to be deliberate indifference"); Black v. Wilkinson, 09-1966, 2010 WL 793448, at *4 (W.D. La. March 2, 2010) (seven day delay in obtaining Timolol to treat plaintiff's glaucoma did not constitute deliberate indifference); see also Iseley v. Beard, No. 02-2006, 2009 WL 3199694, at *4 (M.D. Pa. Sept. 29, 2009) ("negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference" (citing Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)).

Even taking all of plaintiff's factual allegations as true, the Court determines that no reasonable jury could find that defendants acted with deliberate indifference to plaintiff's serious medical needs.[1] Accordingly, the Court grants Defendants' Joint Supplemental Motion for Summary Judgement.

## V. CONCLUSION

For the forgoing reasons, the Court grants Defendants' Joint Supplemental Motion for

---

[1] Because the Court concludes that prison officials did not act with deliberate indifference under the Eighth Amendment, the Court need not reach defendants' second argument – that the individual defendants named in the Complaint were not personally involved in the alleged denial of medical treatment to plaintiff, and that plaintiff improperly relies on a respondeat superior theory, for which there can be no § 1983 liability. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Summary Judgement on all of plaintiff's claims and enters judgment in favor of defendants, Karen Murphy, D. Edward McFadden, and Jack Healy, and against plaintiff, Brian K. Wesley.

    An appropriate order follows.